Pablo Orozco (SBN 274267)
porozco@nilanjohnson.com
John J. Wackman (*Pro hac vice forthcoming*)
jwackman@nilanjohnson.com
Daniel J. Supalla (*Pro hac vice forthcoming*)
dsupalla@nilanjohnson.com
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Telephone:  612-305-7500
Facsimile:  612-305-7501

Attorneys for Defendant Future Motion, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ISAAC JACOBSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FUTURE MOTION, INC., a Delaware Corporation and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:21-cv-8092<br><br>[Santa Cruz County Superior Court Case No. 21CV02097]<br><br>**DEFENDANT FUTURE MOTION, INC.'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** |

FUTURE MOTION'S NOTICE OF REMOVAL

4817-4437-9902

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF ISAAC JACOBSON, AND HIS COUNSEL OF RECORD:

Please take notice that defendant Future Motion, Inc. ("Future Motion") hereby removes this matter to the United States District Court for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## JURISDICTION

This Court has jurisdiction of this case pursuant to 28 U.SC. §§ 1332(d)(2)(A), 1332(d)(5)(B)-(6), and 1441 (a)-(b)(1). At the time the Complaint was filed, and currently, Future Motion, on one hand, and most members of the putative class, on the other hand, are citizens of different states; the amount in controversy exceeds $5,000,000; and Plaintiff has alleged there are over 10,000 class members.

## INTRADISTRICT ASSIGNMENT

Assignment of this case to the San Jose Division of the United States District Court for the Northern District of California is proper pursuant to Civil L.R. 3-2(c) and (e). Civil actions must be assigned to "the court division serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred[.]" Civil L.R. 3-2(c). Plaintiff Isaac Jacobson ("Plaintiff") originally filed this action in Santa Cruz County Superior Court. (Declaration of Pablo Orozco, **Exhibit A**, at ¶ 3.) Thus, this action is properly assigned to the San Jose Division of this district. Civil L.R. 3-2(e).

## PROCEDURAL BACKGROUND

On August 30, 2021, Plaintiff filed a putative class action complaint ("Complaint") against Future Motion in California Superior Court for the County of Santa Cruz. The case is styled *Isaac Jacobson v. Future Motion, Inc.*, Case No. 21CV02097. True and correct copies of the Summons and Complaint are attached as **Exhibit A** to the Declaration of Pablo Orozco, filed concurrently with this Notice of Removal (hereinafter "**Exhibit A**"). In addition to Future Motion, the Complaint names Does 1-20 as defendants.

1    The Complaint was served on Future Motion on September 15, 2021. A true and correct copy of the Proof of Service is attached to the Orozco declaration as **Exhibit B**. Upon information and belief, Plaintiff has not served any entity other than Future Motion or identified any of the alleged Does. (Orozco Decl. at ¶ 5.) **Exhibits A** and **B** constitute all the pleadings or court orders that have been filed and/or served in this action as of the date of filing this Notice of Removal. (*Id.* at ¶ 6.)

## PERTINENT ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges he is an Arizona resident, while Future Motion is a Delaware corporation with its headquarters in Santa Cruz, California. (**Exhibit A** at ¶¶ 18, 20.)

Plaintiff further alleges he purchased Future Motion's OneWheel XR ("XR"), an electric single-wheeled skateboard. (*Id.* at ¶ 4.) Plaintiff alleges putative class members purchased their XR within the four years preceding the filing of the Complaint. (*Id.* at ¶ 23.)

Plaintiff asserts that the XR has "a circuit board defect that manifests by unexpectedly shutting the product down completely, including while the product is being ridden at speeds up to 19 miles-per-hour. (*Id.* at ¶¶ 2-3.) Plaintiff alleges that Future Motion advertised the XR as an exciting experience at speeds of up to 19 miles-per-hour over multiple terrains. (*Id.* at ¶ 11.) Plaintiff further alleges that despite such advertising, the XR "poses an unreasonable risk to consumers driving slowly on sidewalks [and] an even greater risk to consumers who use the vehicle as advertised, off-roading, or racing down streets." (*Id.*)

Based on the above allegations, Plaintiff brings six causes of action against Future Motion: (1) violation of the Consumer Legal Remedies Act (California Civil Code §§ 1750 *et seq.*); (2) false advertising in violation of California Business and Professions Code §§ 17500 *et seq.*; (2) violation of an express warranty under the Song-Beverly Consumer Warranty Act (California Civil Code §§ 1790 *et seq.*); (3) unlawful, fraudulent, and unfair business practices in violation of California Business and Professions Code §§ 17200, *et seq.*; (4) negligence; (5) strict products liability – design defect and failure to warn; and (6) breach of the implied warranty of merchantability. (**Exhibit A** at ¶¶ 27-79.) Plaintiff seeks multiple categories of damages, including but not limited to compensatory damages and injunctive relief. (*See id.* at 15.)

Plaintiff also purports to represent a class defined as "[a]ll persons located within the United States who purchased a [XR] during the four years preceding the filing of this complaint through the date of trial in this action." (*Id.* at ¶ 23.) Plaintiff thus asserts each of the above six causes of action against Future Motion on behalf of the putative class.

### FUTURE MOTION'S PRELIMINARY OUTLINE OF THE PUTATIVE CLASS[1]

Plaintiff's definition of the putative class is too vague and ambiguous for Future Motion to provide a precise estimate of the number of putative class members. Plaintiff has alleged "at least" 10,000 to 100,000 class members. (Compl. ¶ 25.) However, Future Motion reasonably estimates the putative class may include many thousands of putative class members.[2] (Declaration of Julian de la Rua ("de la Rua Decl."), filed concurrently with this Notice of Removal, at ¶ 4.) During the proposed class period, approximately 85% of XR original purchasers resided outside California. (*Id.* at ¶ 5.) The average purchase price of an XR during the putative class period is $1,799, assuming the customer purchased the XR directly from Future Motion. (*Id.* at ¶ 6.)

### REMOVAL IS PROPER PURSUANT TO CAFA

**A.    Governing Standards**

The Class Action Fairness Act ("CAFA") was enacted to enlarge diversity jurisdiction over certain class actions. For this reason, courts have generally interpreted CAFA expansively. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). In fact, in recent years, the Supreme Court relied on this very interpretive principle to rule that federal district courts may not apply or otherwise consider an "antiremoval" presumption. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014) (hereinafter "*Dart Cherokee*").

---

[1] None of the information contained in this section or this Notice of Removal more generally should be construed as an admission from Future Motion regarding the merit of Plaintiff's claims or his ability to proceed as a class. In fact, Future Motion strongly denies the substantive allegations set forth in the Complaint. Further, Future Motion does not waive any objections to defects in process or service of process, jurisdiction, venue, or any other defense.

[2] Future Motion's sales data is highly confidential and is not shared outside the company without an agreement that protects the data's confidentiality. (de la Rua Decl. at ¶ 4.) However, should the Court require such information in connection with this Notice of Removal or any other matter in this case, Future Motion will provide its sales data, if an appropriate protective order is in place or the Court authorizes Future Motion to file the information under seal.

A defendant removing under CAFA need do nothing more than file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Jian-Ming Zhao v. RelayRides, Inc.*, 2017 WL 6336082, at *10 (N.D. Cal. Dec. 12, 2017) (quoting 28 U.S.C. § 1446(a)). Specifically, the notice of removal must show that the action the defendant seeks to remove meets the following three criteria: (1) there are at least 100 members in the putative class(es); (2) minimal diversity exists, meaning that any putative class member is a citizen of a different state than any defendant; and (3) the aggregate value of all the putative class members' combined claims exceeds $5,000,000. 28 U.S.C. §1332(d)(2).

If a plaintiff challenges a defendant's notice of removal, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 82. Critically, this does **not** mean defendants are "obligated to research, state, and prove the plaintiff's claim for damages." *Arreola v. Finish Line*, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) (internal citations omitted). Rather, it is appropriate—and, indeed, inevitable—for defendants to rely on reasonable assumptions in support of removal. *See id.*

B.   **All Three CAFA Elements Are Met**

In this case, the first two CAFA elements are easily satisfied. First, the putative class includes many thousands of members, well over the requisite 100. Second, minimal diversity exists because 85% of original XR purchasers, who presumably represent the bulk of the putative class, reside outside California, and Future Motion is incorporated in Delaware and has its principal place of business in California. (de la Rua Decl. at ¶ 5.) The only other defendants named in Plaintiff's Complaint are fictitious parties identified as "DOES 1 through 20," whose citizenship is disregarded for the purpose of removal. 28 U.S.C. § 1441(a).

The third element—amount in controversy—is also easily met. When measuring the amount in controversy, courts must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Fong v. Regis Corp.*, 2014 WL 26996 (N.D. Cal. Jan. 2, 2014). Further, when a complaint is silent as to the amount in controversy, "a defendant's notice of removal need include only a *plausible* allegation that the

amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89 (emphasis added).

Here, Plaintiff contends Future Motion's alleged violations prevented putative class members from using and enjoying the XR. Based on these allegations, Plaintiff requests various categories of damages, including but not limited to restitution of the amounts he and putative class members paid for the XR. As noted previously, putative class members number in the many thousands, and the average purchase price of an XR during the proposed class period is $1,799. Thus, assuming the putative class contains at least 10,000 members, as Plaintiff has alleged, Future Motion estimates damages to be **$17,990,000**, based solely on the average purchase price of each XR. Even if Plaintiff's class member allegation is halved, estimated damages are **$8,995,000**, well withing the CAFA threshold. Because the putative class likely has many thousands of members, actual restitution damages will almost certainly exceed CAFA's $5,000,000 threshold.[3]

Courts also may consider the plaintiff's attorneys' fees in the amount in controversy. *Stone v. GEICO Gen. Ins. Co.*, 2018 WL 3454484, at *1 (9th Cir. July 18, 2018). When estimating attorneys' fees for purposes of determining CAFA jurisdiction, the appropriate measure is the amount of fees Plaintiff and his counsel expect to accrue through trial. *Cf. Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *Giannini v. Nw. Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002)). Additionally, California courts routinely rely on a 25% benchmark of the total class common fund to estimate attorneys' fees for purposes of CAFA jurisdiction. *Cortez v. United Natural Foods, Inc.*, 2019 WL 955001, at *7 (N.D. Cal. Feb. 27, 2019); *Ramirez v. Benihana Nat'l Corp.*, 2019 WL 131843, at *2 (N.D. Cal. Jan. 8, 2019); *Fong*, 2014 WL 26996, at *7; *Giannini*, 2012 WL 1535196, at *4; *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012). Here, 25% of the restitution damages estimated above is **$2,284,750** (*i.e.*, $8,995,000 x 0.25).

---

[3] A mere 2,800 putative class members brings restitution damages above CAFA's $5,000,000 jurisdictional minimum. For instance, with 2,800 putative class members, these damages will already amount to $5,037,200. Thus, since XR purchases during the proposed class period number in the many thousands, the restitution damages alone will likely exceed $5,000,000.

1    Finally, Plaintiff's prayer for relief requests an injunction "ordering Defendant to cease and
2    desist from engaging in unfair, unlawful, and/or fraudulent practices" and "requiring Defendant to
3    recall all affected" XRs. (**Exhibit A** at p. 17.) Under CAFA, the amount in controversy includes
4    the value of injunctive relief, which may be measured as the aggregate cost to the defendant of
5    complying with the injunction. *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18,
6    2015). By its nature, this cost is often difficult to estimate, since the requirements of any potential
7    injunction are uncertain at the removal stage. *Id.* Yet assuming for purposes of this Notice that
8    Plaintiff's allegations are true, the requested injunctive relief presumably would include, at
9    minimum, revision of Future Motion's existing advertisements, warranties, and repair policies.
10   Future Motion expects the actual value of injunctive relief to be high in this case.

11   In sum, a conservative, and certainly *plausible*, estimate of the amount in controversy based
12   on Plaintiff's allegations is at least **$11,279,750**. Accordingly, removal is appropriate pursuant to
13   CAFA.

14   **C.    Future Motion Has Met All Other Procedural Requirements**

15   Pursuant to 28 U.S.C. § 1446(b), notice of removal must be effectuated within 30 days after
16   the defendant receives the relevant pleading from which removability may be ascertained. Here, as
17   noted, Plaintiff served his Complaint on Future Motion on September 15, 2021. Accordingly,
18   Future Motion has timely filed this Notice of Removal.

19   Venue of this action lies in the United States District Court for the Northern District of
20   California pursuant to 28 U.S.C. §§ 1441 *et seq.* and 1391(a) because Plaintiff's state court action
21   was filed in this district and Plaintiff alleges that this is the judicial district in which the action
22   arose. (**Exhibit A** at p. 20.)

23   Finally, the undersigned counsel certifies that Future Motion will promptly provide a copy
24   of this Notice of Removal and all supporting pleadings to Plaintiff's counsel of record and the Santa
25   Cruz County Superior Court.

| | | |
|---|---|---|
| | | NILAN JOHNSON LEWIS PA |
| Dated: October 15, 2021 | By: | */s/ Pablo Orozco* |
| | | Pablo Orozco (SBN 274267) |
| | | porozco@nilanjohnson.com |
| | | John J. Wackman (*Pro hac vice forthcoming*) |
| | | jwackman@nilanjohnson.com |
| | | Daniel J. Supalla (*Pro hac vice* forthcoming) |
| | | dsupalla@nilanjohnson.com |
| | | 250 Marquette Avenue South, Suite 800 |
| | | Minneapolis, MN 55401 |
| | | Telephone: 612-305-7500 |
| | | Facsimile: 612-305-7501 |

Attorneys for Defendant Future Motion Inc.

# PROOF OF SERVICE
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

I am employed with the law firm of NILAN JOHNSON LEWIS PA, whose address is 250 Marquette Avenue South, Suite 800, Minneapolis, Minnesota 55401. I am over the age of 18 years and not a party to the within action. On October 15, 2021, I served the documents named below on the parties in this action as follows:

**DOCUMENT(S) SERVED:**
   1. **Defendant Future Motion, Inc.'s Notice of Removal of Action to United States District Court**

SERVED UPON:

   **Ryan M. Ferrell**
   **Thomas W. Kohler**
   **APEX TRIAL LAW**
   **4934 S. Hemet Street**
   **Gilbert, Arizona 85298**
   **rferrell@apextrial.com**
   **tkohler@apextrial.com**

☐ (BY MAIL) I placed such envelope(s) for collection and mailing on this date following ordinary business practices.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the addressee.

☒ (BY UPS) I am readily familiar with the practice of Nilan Johnson Lewis PA for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY FACSIMILE) The above referenced document was transmitted by facsimile transmission and the transmission was reported s complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☐ By ELECTRONIC eSERVICE: by causing a true and correct copy thereof to be transmitted electronically to One Legal Services for service on all parties in this action at the email address(es) indicated below.

☒ (State) I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Dated October 15, 2021, at Minneapolis, Minnesota.

   */s/ Mari Johnson*