# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* Future Motion, Inc., a Delaware Corporation, and Does 1-20, inclusive | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* ELECTRONICALLY FILED Superior Court of California County of Santa Cruz 8/30/2021 10:28 AM Alex Calvo, Clerk By Helena Hanson, Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Isaac Jacobson, individually, and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org). en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Cruz 701 Ocean Street, Santa Cruz, CA 95060 | CASE NUMBER: *(Número del Caso):* 21CV02097 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ryan M. Ferrell, Bar No. 258037, APEX TRIAL LAW, 4934 S. Hemet St., Gilbert, AZ 85298   Phone No. (949) 438-0033

| | | |
|---|---|---|
| DATE: *(Fecha)* 8/30/2021 | Clerk, by *(Secretario)* Helena Hanson | , Deputy *(Adjunto)* ALEX CALVO |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Future Motion, Inc., a Delaware Corporation

    under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]  [Save this form]        [Clear this form]

APEX TRIAL LAW
A Professional Corporation
Ryan M. Ferrell, Bar No. 258037
rferrell@apextrial.com
Thomas W. Kohler, Bar No. 312552
tkohler@apextrial.com
4934 S. Hemet Street
Gilbert, Arizona 85298
Tel: (949) 438-0033
Fax: (949) 299-0133

Attorneys for Plaintiff and the Class

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
8/30/2021 10:28 AM
Alex Calvo, Clerk
By: Helena Hanson, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CRUZ

ISAAC JACOBSON, individually, and on behalf of all others similarly situated;

Plaintiffs,

vs.

FUTURE MOTION, INC., a Delaware Corporation; and DOES 1-20, Inclusive,

Defendants.

Case No. 21CV02097

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

/ / /

/ / /

/ / /

/ / /

/ / /

APEX TRIAL LAW

Plaintiff Isaac Jacobson ("Plaintiff"), by and though his counsel, Apex Trial Law, alleges as follows:

## I.   **INTRODUCTION**

1.     This action seeks both damages and injunctive relief regarding the faulty Onewheel XR Model 4206 ("Model 4206").   The Model 4206  is a battery operated motorized skateboard capable of speeds of up to about 19 miles per hour.

2.     An injunction and damages are necessary because the Model 4206 has a circuit board defect that manifests by unexpectedly shutting the product down completely, including while the product is being ridden at speed.

3.     The product , once shut down is not only useless for the intended purpose of transportation, but if that shutdown occurs while the product is being ridden the consumer crashes at speed of up to 19 miles per hour.

## II.   **FACTUAL ALLEGATIONS**

4.     Plaintiff Isaac Jacobson ("Plaintiff") purchased a Model 4206  which was still under the manufacturer's warranty in December of 2018.

5.     While wearing a helmet, kneepads, and other safety gear, Plaintiff took his One Wheel, Model 4206 for a ride on December 24, 2018 in the company of his brother who was also riding on a One Wheel.  As Plaintiff rode his Model 4206 at about 10 miles per hour, the Model 4206 suddenly shut off.  This shut off caused the front of the vehicle to slam into the road and threw Plaintiff forward into the ground.  The momentum carried his legs and lower body over his head and tore his left shoulder from its socket.

6.     Plaintiff checked his battery power, thinking that the shut off may have been caused by lack of power, but the vehicle had shut off at 91% power

7.     Plaintiff was able to return to his home and seek medical attention for his injuries with the assistance of his brother.

8.     Plaintiff was unable to turn the One Wheel back on again even after charging it an pressing the power button multiple times.  Plaintiff then contacted Defendant and invoked his warranty to have his Model 4206 repaired.

APEX TRIAL LAW

CLASS ACTION COMPLAINT

9.     Plaintiff is not the only Model 4206 to experience sudden shutdown.  The One Wheel users group on Facebook contains multiple references by multiple users referring to this problem.

10.     On Information and belief the Model 4206 as produced and distributed by Defendant contains a manufacturing defect which results in a total shutdown.

11.     This defect alone renders the Model 4206  unreasonably dangerous to perform as safely as an ordinary consumer would expect.  Further, the One Wheel is marketed as an exciting experience at speeds of up to 19 miles per hour over multiple terrains.  While the Model 4206, with this defect, poses an unreasonable risk to consumers driving slowly on sidewalks, it poses an even greater risk to consumers who, use the vehicle as advertised, off-roading, or racing down streets also used by traditional passenger vehicles.

12.     Defendant has not issued a recall or published any sort of warning despite the repeated reports of the Model 4206 failing.  Thus, it is now up to the Court to protect the consuming public from this unreasonable safety risk.

13.     Defendant cannot claim that it is unaware of the issue considering that the numerous online forums operated by Defendant that repeatedly discuss the issue and that Defendant has repeatedly repaired the circuit boards of numerous the Model 4206 when presented under warranty to Defendant.

## III.    JURISDICTION AND VENUE

14.      This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution.

15.     Venue is proper in this Court because Defendant is at home Santa Cruz County with a principal place of business located at 1201 Shaffer Road, Santa Cruz California 95060.

16.     Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code Section 1780(d).  (Attached hereto as Exhibit 1).

APEX TRIAL LAW

- 3 -

17.     Defendant is at-home in California , but other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## IV.     PARTIES

18.     Plaintiff Isaac Jacobson is a resident of Arizona.

19.     Plaintiff purchased a Model 4206  in December of 2018.

20.     Defendant Future Motion, Inc. is a Delaware Corporation that has a principal place of business in California at 1201 Shaffer Road, Santa Cruz CA 95060.

21.     At all times referenced herein, Defendant designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaired or failed to repair, failed to recall, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, and/or sold Model 4206  One Wheels, including the Model 4206  owned by Plaintiff.

22.     Doe Defendants - Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 20, and therefore sue such defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein.   Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## V.     CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this class action for damages and other appropriate relief on behalf of the following class:

> Class: All persons located within the United States who purchased a One Wheel Model 4206 during the four years preceding the filing of this complaint through the date of trial in this action.

24.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates,

APEX TRIAL LAW

CLASS ACTION COMPLAINT

legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement affecting this action. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

25.    The proposed Class is so numerous that individual joinder of all the members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands to hundreds of thousands of members and class members are geographically dispersed across California and the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

26.    There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

  a.    Whether Defendant's safety claims are accurate;

  b.    Whether the Model 4206  is safe as constructed;

  c.    Whether the Model L 4206  has been properly tested;

  d.    Whether Defendant has falsely represented that the Model 4206  has uses which it does not have;

  e.    Whether Defendant knew that its Model 4206  is unsafe for reasonable use;

  f.    Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

  g.    Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

APEX TRIAL LAW

h.   Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

i.   Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

j.   Whether Plaintiff and Class members are entitled to restitutionary relief; and

k.   Whether Plaintiff and Class members are entitled to injunctive relief.

23.   Plaintiff's claims are typical of the claims of the members of Class.  Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they all relied on Defendant's representations concerning the MODEL 4206 and purchased it based on those representations.

24.   Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

25.   Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.  There is truly a safety risk to the class and to any person who may be involved with the use of a Model 4206 . A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this action as a class action conserves the

APEX TRIAL LAW

CLASS ACTION COMPLAINT

1    resources of the parties and of the judicial system and protects the rights of the class

2    members.   Furthermore, for many, if not most, a class action is the only feasible

3    mechanism that allows an opportunity for legal redress and justice.

4         26.    Adjudication of individual class members' claims with respect to Defendant

5    would, as a practical matter, be dispositive of the interests of other members not parties

6    to the adjudication, and could substantially impair or impede the ability of other class

7    members to protect their interests.

8

9                        VI.    **CAUSES OF ACTION**

10                       **FIRST CAUSE OF ACTION**

11       **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

12               **(CAL. CIV. CODE §§ 1750, *ET SEQ.*)**

13          **(By Plaintiff and on Behalf of the Class Against Defendant)**

14        27.    Plaintiff incorporates by this reference the allegations contained in the

15    paragraphs above as if fully set forth herein.

16        28.    Plaintiff has standing to pursue this cause of action because Plaintiff has

17    suffered injury in fact and has lost money as a result of Defendant's actions as set forth

18    herein.   Specifically, Plaintiff purchased the Model 4206  in reliance on Defendant's

19    marketing claims with respect to safety and use.   Plaintiff used his Model 4206  as

20    directed, but it did not work as advertised and was not of the quality and standard

21    advertised by Defendant.  In fact, the Model 4206 posed a danger to Plaintiff and to those

22    around his Model 4206 .

23        29.    Defendant has engaged in and continues to engage in business practices in

24    violation of California Civil Code §§ 1750, *et seq*. (the "Consumers Legal Remedies

25    Act") by making false and unsubstantiated representations concerning the safety and use

26    of the Model 4206 .  These business practices are misleading and/or likely to mislead

27    consumers and should be enjoined not only to redress the wrong caused by Defendant,

28    but also to stop the inescapable tragedies that will occur when a defective Model 4206

APEX TRIAL LAW

CLASS ACTION COMPLAINT

seriously injures someone.

30.    Defendant has engaged in deceptive acts or practices intended to result in the sale of the Model 4206  in violation of Civil Code § 1770.  Defendant knew and/or should have known that its representations of fact concerning the safety and use of the Model 4206 were material and likely to mislead the public.  Defendant affirmatively misrepresented that the Model 4206  was of a certain standard and quality with certain benefits which it did not have.

31.    Defendant's conduct alleged herein violates the Consumers Legal Remedies Act, including but not limited to, the following provisions:  (1) using deceptive representations in connection with goods or services in violation of Civil Code § 1770(a)(4); (2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9).  As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money.  Therefore, Defendant has been unjustly enriched.

32.    There is no other adequate remedy at law, and Plaintiff and Class members will suffer irreparable harm unless Defendant's conduct is enjoined.  Frankly, each day that passes without action invites tragedy.

33.    Plaintiff's counsel mailed to Defendant, by certified mail, return receipt requested, the written notice required by Civil Code Section 1782(a) on January 31, 2019.  A copy of this letter is attached hereto as Exhibit Two.

34.    The declaration of venue required by Civil Code § 1780(d) is attached hereto as Exhibit One.

35.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the Consumer Legal Remedies Act since Defendant is still representing that the Model 4206  has characteristics, uses, benefits,

APEX TRIAL LAW

- 8 -

and abilities which are false and misleading, and have injured Plaintiff and the Class and will continue to injure Plaintiff and the Class.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

## (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

36.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

37.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.   Specifically, Plaintiff purchased his Model 4206  in reliance on Defendant's marketing claims.  Plaintiff used his Model 4206  as directed, but it did not work as advertised.

38.     Defendant has engaged in false advertising as it has disseminated false and/or misleading representations about the Model 4206 .

39.     Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.   During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its advertising and marketing of the Model 4206  to Plaintiff, Class members, and the consuming public that the Model 4206  is safe if used correctly.  This is not true since the Model 4206  will unexpectedly stop working at any time, including mid-ride.

40.     Each of the aforementioned representations alleged in this Complaint was false and misleading because the Model 4206  is not of the standard, quality or grade advertised, and is in reality, unsafe, even if used according to the directions provided.

41.     By disseminating and publishing these statements in connection with the sale of the Model 4206 , Defendant has engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

APEX TRIAL LAW

CLASS ACTION COMPLAINT

42.     As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money.  Therefore, Defendant has been unjustly enriched.  Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

43.     Plaintiff seeks injunctive relief, restitution, and restitutionary disgorgement of Defendant's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

44.     Plaintiff and Class members seek to enjoin Defendant from engaging in these wrongful practices, as alleged herein, in the future.  There is no other adequate remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer irreparable harm, injury, and inescapable tragedies.

### THIRD CAUSE OF ACTION

### UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES

### (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)

### (By Plaintiff and on Behalf of the Class Against Defendant)

45.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

46.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.  Specifically, Plaintiff purchased his Model 4206  in reliance on Defendant's marketing claims regarding safety and use.  Plaintiff used his Model 4206  as directed, but it did not work as advertised and was not of the standard, quality and grade advertised.

47.     Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code §§ 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within the meaning of California Business and

APEX TRIAL LAW

- 10 -

Professions Code §§ 17200, *et seq.*

48.    Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading and that the Model 4206 is unsafe for reasonable use.  During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of the Model 4206 to Plaintiff, Class members, and the consuming public that, the Model 4206 was safe for reasonable use.

49.    Each of the aforementioned representations alleged in this Complaint was false and misleading because the Model 4206 is not of the standard, quality or grade advertised and is unsafe for reasonable use.

50.    Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the Model 4206 as set forth herein and are put into mortal danger even by reasonable use of the Model 4206 .

51.    Defendant's business practices, as alleged herein, are unlawful because they violate the Consumer Legal Remedies Act and False Advertising Law.

52.    Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that the Model 4206 has characteristics and benefits it does not have.

53.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling the Model 4206 in a manner likely to deceive the public.

54.    As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing the Model 4206 .  Plaintiff and members of the Class would not have purchased the Model

APEX TRIAL LAW

CLASS ACTION COMPLAINT

4206  had they known that it was not as represented and was unsafe for reasonable use.

55.     Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint.  Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Class.

## FOURTH CAUSE OF ACTION
## NEGLIGIENCE
### (By Plaintiff and on Behalf of the Class Against Defendant)

56.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

57.     Defendant owed Plaintiff and the Class a duty to exercise reasonable care in the design, testing, manufacture, assembly, and sale, distribution, and servicing of the Model 4206 , including that the Model 4206  was safe under reasonable conditions and uses.

58.     Defendant's knew or should have known that the Model 4206  was defectively designed and inherently dangerous and had the propensity to stop suddenly.

59.     Defendant failed to exercise ordinary care and breached its duty by, among other things:

(a)     Failure to use due care in the manufacture, design, sale, testing, and servicing of the Model 4206  in order to avoid the aforementioned risks to individuals;

(b)     Failure to provide adequate warning to Model 4206  owners of the problems associated with the Model 4206 ;

(c)     Failure to incorporate within the Model 4206  and its design reasonable safeguards to prevent against a Model 4206  from suddenly and unexpectedly ceasing to function;

(d)     Failure to adequately identify and mitigate the hazards associated with the

APEX TRIAL LAW

- 12 -

CLASS ACTION COMPLAINT

Model 4206 in accordance with good engineering practices; and

     (e)     Were otherwise careless and negligent.

     60.     The aforementioned negligent acts and omissions of Defendant were the direct and proximate cause of Plaintiff and the Class's damages.

     61.     Plaintiff and the Class are entitled to damages in an amount to be proven at trial, together with interest thereon and costs.

## FIFTH CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY – DESIGN DEFECT AND FAILURE TO WARN

### (By Plaintiff and on Behalf of the Class Against Defendant)

     64.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein above.

     65.     Defendant designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaired, retrofit or failed to retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, and sold the Model 4206 and its component parts and constituents, which was intended by the Defendant, to be used as a utility terrain vehicle and for other related activities.

     66.     Defendant knew that the Model 4206 was to be purchased and used without inspection for defects by Plaintiff and the general public.

     67.     The Model 4206 was unsafe for its intended use by reason of defects in its manufacture, design, testing, components and constituents, so that it would not safely serve its purpose, but would instead expose the users of the Model 4206 to serious injuries.

     68.     Defendant designed the Model 4206 defectively, causing it to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

APEX TRIAL LAW

69.     The risks inherent in the design of the Model 4206  outweigh significantly any benefits of such design.

70.     Plaintiff and the Class were not aware of the aforementioned defects at any time prior to purchasing the Model 4206 .

71.     The Model 4206  was defective when it left the control of Defendant.

72.     At all relevant times, Defendant failed to provide adequate warnings, instructions, guidelines or admonitions to members of the consuming public, including Plaintiff and the Class, of the defects, which Defendant knew, or in the exercise of reasonable care should have known, to have existed in the Model 4206 , and its component parts.

## SIXTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (By Plaintiff and on Behalf of the Class Against Defendant)

73.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein above.

74.     Prior to the purchase of the Model 4206  by Plaintiff and the Class, Defendant impliedly warranted to members of the general public, including Plaintiff and the Class, that the Model 4206  was of merchantable quality.

75.     Members of the consuming public, including consumers such as Plaintiff and the Class, were intended third-party beneficiaries of the implied warranty of merchantability.

76.     Plaintiff and the Class relied on the skill and judgment of Defendant in the purchase, selection, and use of the Model 4206  as a safe and reliable utility terrain vehicle.

77.     The Model 4206  was not of merchantable quality as warranted by Defendant, in that it was defectively designed, thereby dangerously exposing the users of the Model 4206  and those around it to serious and potentially fatal injury.

78.     As a legal and proximate result of the breach of said implied warranty, Plaintiff and the Class sustained the damages herein set forth.

79.     Plaintiff and the Class are, therefore, entitled to damages in an amount to be proven at the time of trial

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendant, and each of them as named in the future, as follows:

1.     For an order certifying the Class, appointing Plaintiff and his counsel to represent the Class, and notice to the Class to be paid by Defendant;

2.     For damages suffered by Plaintiff and Class members under each of the aforementioned Causes of Action;

3.     For restitution to Plaintiff and Class members of all monies wrongfully obtained by Defendant;

4.     For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.     For an injunction requiring Defendant to recall all affected Model 4206s;

6.     For both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded;

7.     For Plaintiff's costs of the proceedings herein;

8.     For reasonable attorneys' fees as allowed by statute; and

9.     For any and all such other and further relief that this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

APEX TRIAL LAW

- 15 -

1    Plaintiff hereby demands a trial by jury of all claims and causes of action so
2    triable in this lawsuit.
3
4
5    Dated:  August 26, 2021                APEX TRIAL LAW
                                            A Professional Corporation
6
7                                    By: _____
8                                            Ryan M. Ferrell
                                             Attorney for Plaintiff and the Class
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
APEX TRIAL LAW

CLASS ACTION COMPLAINT

# Exhibit 1

I, Isaac Jacobson, declare as follows:

1.     I am a Plaintiff in this action, and am a citizen of the State of Arizona.  I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2.     The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that Santa Cruz County is a county in which Defendants are doing business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

- 1 -

DECLARATION RE VENUE

# Exhibit 2



APEX TRIAL LAW

4100 Newport Place, Suite 800
Newport Beach, CA 92660
Phone: (949) 438-0033
Fax: (949) 299-0133
Email: rferrell@apextrial.com

January 31, 2019

**BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Future Motion, Inc.
1201 Shaffer Road
Santa Cruz, CA 95060

Attn: Chief Executive Officer

*Re:    Violations of California Consumer Protection Laws and Breach of Warranty*

Dear Sir:

I am writing on behalf of Isaac Jacobson, as well as a class of similarly situated persons, to advise you that we believe you are violating the California Consumer Legal Remedies Act.

You market and sell the Onewheel XR Model 4206 ("Model 4206"). You market the Model 4206 as being a safe utility terrain vehicle if used appropriately.  In fact, the Model 4206 has a circuit board defect that manifests by unexpectedly shutting the product down completely, including while the product is being ridden.  This defect is well known to you as are the dangers that the defect posed to all users of the product.  However, despite knowing that the Model 4206 will spontaneously stop working mid-ride, you have issued no warnings and initiated no recall of this defective product. In fact there have been  no efforts made to protect consumers, like Mr. Jacobson from injury.

www.apextrial.com

We believe that your marketing, advertising, and distribution of the Model 4206 violates the California Consumer Legal Remedies Act by falsely representing that the Model 4206 has characteristics, uses and benefits which it does not have. We further believe that the aforementioned representations regarding the purported benefits, qualities and characteristics of the Model 4206 constitutes: (1) negligence; (2) violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*); and (3) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

We respectfully request that you agree to: irrevocably stop all false and misleading advertising of the Model 4206, recall all affected Model 4206, discontinue Model 4206 sales until the defect has been fully corrected, and provide all consumers who have purchased the Model 4206 with a full refund.

Given that our primary goal is to enjoin this conduct, we will agree to take no further action on behalf of all consumers who have purchased the Model 4206 if you will agree to conform your conduct to the requirements and prohibitions of the California Consumer Legal Remedies Act.

Very truly yours,

Ryan M. Ferrell, Esq.