UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES LOH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FUTURE MOTION, INC.,<br><br>    Defendant. | Case No.  21-cv-06088-EJD<br><br>**ORDER TO SHOW CAUSE REGARDING CONSOLIDATION** |
| ISAAC JACOBSON,<br><br>    Plaintiff,<br><br>v.<br><br>FUTURE MOTION, INC.,<br><br>    Defendant. | Case No.  21-cv-08092-EJD |

Presently before the Court are the above-captioned actions in which the respective plaintiffs assert various consumer claims on behalf of putative classes and which both include violations of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), False Advertising Law (Cal. Bus. & Prof. Code § 17500), and Consumer Legal Remedies Act (Cal. Civ. Code § 1750). Both cases allege similar defects in the motorized single-wheeled skateboards manufactured by Defendant Future Motion, Inc. Broadly speaking, Defendant's skateboards appear to contain an alleged defect that causes the electric motor to shut off and wheels to lock without noticeable warning, resulting in a complete halt that often throws the rider off the board.

The district court is authorized to consolidate actions involving common questions of law or fact, which may occur either upon motion by a party or *sua sponte*. Fed. R. Civ. P. 42(a); *see*

Case Nos.: 21-cv-06088-EJD; 21-cv-08092-EJD
OSC RE. CONSOLIDATION

*also Bartling v. Apple Inc.*, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018) (*citing In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987)).  It appearing that the aforementioned actions may contain at least one common question of law or fact, the Court hereby orders the parties to show cause why these cases should not be consolidated for pretrial proceedings or trial.  Any party opposing consolidation shall file a written statement not to exceed 10 pages by June 16, 2022.  Any replies to the opposition or other statements in favor of consolidation may not exceed 10 pages and shall be filed no later than June 23, 2022, at which point the Court will take the matter under submission.  Alternatively, the parties may file a joint stipulation for consolidation no later than June 16, 2022.

Additionally, Defendant is directed to note in its response to this Order—either in its statement or stipulation—the existence of any other related cases or proceedings pending before another judge of this Court and to which it is a party.  To the extent any such cases exist, Defendant shall also note whether consolidation with those cases may be appropriate under Rule 42(a).

**IT IS SO ORDERED.**

Dated:  June 7, 2022.

EDWARD J. DAVILA
United States District Judge

Case Nos.: 21-cv-06088-EJD; 21-cv-08092-EJD
OSC RE. CONSOLIDATION